UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-63108-RUIZ/STRAUSS

**HANK HANEY**, *et al.*,

    Plaintiffs,

v.

**PGA TOUR, INC.**,

    Defendant.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

THIS MATTER came before the Court upon Plaintiffs' Motion to Compel ("Motion") [DE 56, DE 59]. Pursuant to the Motion, Plaintiffs seek to compel: (1) Defendant to produce documents responsive to six requests for production; (2) Defendant to fully respond to two interrogatories; and (3) PGA Tour Commissioner Jay Monahan to answer certain questions that Defendant's counsel instructed him to not answer at his deposition. All three requests concern the same issue. The Court has reviewed the Motion and the Response [DE 61] and Reply [DE 64] thereto, and the Court is otherwise fully advised in the premises.

The Motion will be denied as Plaintiffs failed to seek relief in a timely manner. The Court's Paperless Order Setting Discovery Procedures [DE 20] requires the parties to seek relief from the Court on discovery disputes "within 14 days after the grounds for relief occur," shortening the thirty-day window of time within which to seek relief under Local Rule 26.1(g)(1). Local Rule 26.1(g)(1) provides, in pertinent part, the following:

> All disputes related to discovery shall be presented to the Court . . . within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning

>the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

Here, Defendant's argument (in its Response) regarding untimeliness is based on Local Rule 26.1(g)(1) and does not make reference to the shortened time frame under the Court's Paperless Order Setting Discovery Procedures. But even giving Plaintiffs the benefit of the thirty-day period under Local Rule 26.1(g)(1), the Motion is clearly untimely.

Defendant served its responses/objections to the interrogatories at issue on May 21, 2020, and it served its responses/objections to the requests for production at issue on November 12, 2020. Additionally, Mr. Monahan's deposition (where he was instructed to not answer certain questions) occurred on December 8, 2020. Yet, Plaintiffs waited over eight months after receiving Defendant's objections to interrogatories, nearly three months after receiving Defendant's objections to Plaintiffs' requests for production, and nearly two months after Mr. Monahan's deposition to seek Court intervention.[1]

In their Reply, Plaintiffs argue that good cause exists to excuse their alleged delay in seeking Court intervention because they were making good faith attempts to resolve the discovery dispute without involving the Court. While it is always preferable for parties to resolve their own discovery disputes, and while the Court will entertain brief delays to allow (and encourage) the parties to work through issues, Plaintiffs have simply waited way too long. Notably, the purpose of Local Rule 26.1(g)(1) – and the Court's 14-day requirement in the Paperless Order Setting Discovery Procedures – is "to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and *not held until shortly before the close [of] discovery* or

---

[1] Plaintiffs' counsel called my chambers around January 28, 2021 to request a discovery hearing. At that time, counsel was instructed to send an email to my chambers to request the hearing. That email was sent on February 1, 2021.

2

the eve of trial." *4Demand, LLC v. G4S Secure Sols., Inc.*, No. 9:20-MC-80637-WPD/WM, 2020 WL 3266102, at *2 (S.D. Fla. June 17, 2020) (quoting *Higgs v. Costa Crociere S.P.A. Co.*, 2015 WL 5915789, at *1 (S.D. Fla. Oct. 9, 2015)).  In short, these deadlines are meant to focus the parties' conferral efforts and lead to a resolution (with or without Court intervention) before an issue festers and infects other discovery efforts or other stages of the litigation.  Yet that is exactly the situation Plaintiffs have allowed to develop here, with the parties less than a month away from the extended discovery deadline of March 12, 2021.  Finding the issues presented in the Motion to have been timely raised would effectively vitiate the purpose of the 14-day and 30-day requirements.

Moreover, Plaintiffs have failed to establish good cause for not raising the issues in a timely manner.  Again, while the Court appreciates Plaintiffs' "good faith attempts to resolve the dispute between the parties," even the most determined attorney would have realized by the time Defendant objected to the requests for production in November (if not well before) that the efforts to resolve the issue that had remained unresolved since May had failed.

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Motion [DE 56, DE 59] is **DENIED**.[2]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of February 2021.

Jared M. Strauss
United States Magistrate Judge

---

[2] Because the Motion is clearly untimely, the Court need not address the parties' arguments as to relevance and proportionality.  However, the discovery sought appears to be of limited relevance at best, and it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Indeed, the fact that Plaintiffs waited so long to seek a resolution of this issue suggests that the information sought is not as central or crucial to the case as Plaintiffs assert.

3