UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:19-CV-63108-RAR

HANK HANEY and
HANK HANEY MEDIA, LLC,

       Plaintiffs,

  vs.

PGA TOUR, INC.,

       Defendant.

_____/

## DEFENDANT PGA TOUR, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

4810-9901-4632

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

MEMORANDUM OF LAW ..................................................................................... 1

I.      SUMMARY JUDGMENT STANDARD. ....................................................... 1

II.     PGA TOUR'S STATEMENT OF MATERIAL FACTS IS LARGELY
        UNDISPUTED OR SHOULD OTHERWISE BE DEEMED UNDISPUTED................. 2

III.    PLAINTIFFS DO NOT DEMONSTRATE ANY GENUINE ISSUE OF
        MATERIAL FACT EXISTS TO PRECLUDE SUMMARY JUDGMENT ON
        THEIR TORTIOUS INTERFERENCE WITH CONTRACT CLAIM (COUNT I).......... 4

IV.     PLAINTIFFS CANNOT MEET THEIR BURDEN TO ESTABLISH PGA
        TOUR'S ALLEGED INTERFERENCE WAS UNJUSTIFIED. ...................................... 6

        A.      PGA TOUR Provides Ample Evidence of its Economic and Business
                Interests in its Brand's Affiliation with SiriusXM PGA TOUR Radio and
                its Relationship with the LPGA to Support its Entitlement to Summary
                Judgment. ........................................................................................................ 6

        B.      Plaintiffs Provide No Probative Evidence that PGA TOUR Acted with
                Malice or that PGA TOUR Employed Improper Means. ...................................... 8

CONCLUSION............................................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................... 11

4810-9901-4632

## <u>TABLE OF CITATIONS</u>

**<u>Cases</u>**                                                                                                    **<u>Page(s)</u>**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 248 (1986) ................................................................................................ 2

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ....................................................................................................... 5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ....................................................................................................... 1

*Chavez v. URS Fed. Tech. Servs., Inc.*,
504 F. App'x 819 (11th Cir. 2013) ................................................................................ 5

*Cordoba v. Dillard's, Inc.*,
419 F.3d 1169 (11th Cir. 2005) ..................................................................................... 5

*Ernie Haire Ford, Inc. v. Ford Motor Co.*,
260 F.3d 1285 (11th Cir. 2001) ..................................................................................... 8

*Ethyl Corp. v. Balter*,
386 So. 2d 1220 (Fla. 3d DCA 1980) ............................................................................ 8

*Futuristic Fences, Inc. v. Illusion Fence Corp.*,
558 F. Supp. 2d 1270 (S.D. Fla. 2008) .......................................................................... 4

*Genet Co. v. Anheuser-Busch, Inc.*,
498 So. 2d 683 (Fla. 3d DCA 1986) .............................................................................. 6

*Goldman v. Talavera Ass'n, Inc.*,
No. 9:15-CV-80872, 2016 WL 11544466 (S.D. Fla. Oct. 24, 2016) ............................. 3

*Joseph v. Napolitano*,
839 F. Supp. 2d 1324 (S.D. Fla. 2012) .......................................................................... 3

*KMS Rest. Corp. v. Wendy's Int'l, Inc.*,
361 F.3d 1321 (11th Cir. 2004) ..................................................................................... 8

*Leigh v. Warner Bros., Inc.*,
212 F.3d 1210 (11th Cir. 2000) ..................................................................................... 5

*Macuba v. Deboer*,
193 F.3d 1316 (11th Cir. 1999) ..................................................................................... 4

*Mattocks v. Black Ent. Television, LLC*,
43 F. Supp. 3d 1311 (S.D. Fla. 2014) ....................................................................... 6, 8

*Palm Beach Cnty. Health Care Dist. v. Pro. Med. Educ., Inc.*,
13 So. 3d 1090 (Fla. 4th DCA 2009) ............................................................................ 6

*Robinson v. LaFarge N. Am., Inc.*,
240 Fed. App'x 824 (11th Cir. 2007) ............................................................................ 4

*Silverstein v. Boehringer Ingelheim Pharm., Inc.*,
No. 19-CIV-81188, 2020 WL 6110909 (S.D. Fla. Oct. 7, 2020) .................................. 3

*Slip-N-Slide Records, Inc. v. TVT Records, LLC*,
No. 05-21113-CIV-TORRES, 2007 WL 473273 (S.D. Fla. Feb. 8, 2007) ..................... 8

*State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*,
446 F. Supp. 3d 1032, 1040 (S.D. Fla. 2020), *reconsideration denied*, No. 18-23125-CIV, 2020
WL 4586399 (S.D. Fla. Aug. 10, 2020) ..................................................................... 1, 3

*Whitehead v. BBVA Compass Bank*,
979 F.3d 1327 (11th Cir. 2020) ................................................................................... 1

## **Rules**

Fed. R. Civ. P. 56(c)(1)(A) .......................................................................................... 2

S.D. Fla. L.R. 56.1(b)(1)(B) ...................................................................................... 2, 5

S.D. Fla. L.R. 56.1(b)(2)(D) ......................................................................................... 3

S.D. Fla. L.R. 56.1(c) ................................................................................................... 3

S.D. Fla. L.R. 56.1(d) ................................................................................................... 3

4810-9901-4632

## INTRODUCTION

Plaintiffs' Memorandum of Law in Opposition ("Plaintiffs' Response") (ECF No. 86) to PGA TOUR's ("PGA TOUR") Motion for Summary Judgment falls far short of precluding this Court from entering summary judgment on behalf of PGA TOUR.  Plaintiffs fill their Response with conclusory and speculative arguments based on either no record evidence whatsoever, or on inadmissible evidence that the Court must disregard when ruling on PGA TOUR's Motion for Summary Judgment.   Plaintiffs also generally ignore PGA TOUR's arguments regarding Plaintiffs' failure to provide admissible evidentiary support for their allegations of PGA TOUR's "long-standing animus" towards Haney in their Complaint.  Instead, Plaintiffs point to irrelevant and distinguishable events that have no bearing on the facts of this case in an attempt to distract from their inability to substantiate their claims.  However, and as argued further below, both the law and the admissible evidence in this case support the Court's entry of summary judgment in PGA TOUR's favor on Plaintiffs' tortious interference claims.

## MEMORANDUM OF LAW

## I.   SUMMARY JUDGMENT STANDARD.

The Eleventh Circuit standard for granting summary judgment is clear: "Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial."  *Whitehead v. BBVA Compass Bank*, 979 F.3d 1327, 1328 (11th Cir. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Moreover, "the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion[.]"  *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, 446 F. Supp. 3d 1032, 1040 (S.D. Fla. 2020), *reconsideration denied*, No. 18-23125-CIV, 2020 WL 4586399 (S.D. Fla. Aug. 10, 2020).  There must be a genuine issue of material fact to preclude

1

entry of summary judgment.  *Id.*  (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.    PGA TOUR'S STATEMENT OF MATERIAL FACTS IS LARGELY UNDISPUTED OR SHOULD OTHERWISE BE DEEMED UNDISPUTED.

Plaintiffs' Statement of Material Facts in Opposition to PGA TOUR's Motion for Summary Judgment (ECF No. 87) ("Plaintiffs' SOF") purports to dispute 23 of the 50 statements of undisputed material fact ("PGA TOUR's SOF") PGA TOUR provided in support of its Motion for Summary Judgment (ECF No. 82).  Of those 23 statements of fact Plaintiffs purport to dispute, Plaintiffs attempt to provide record evidence to dispute only three statements.[1]  The remaining 20 disputes either: (1) are unsupported by any record citation whatsoever, or the record citation does not comply with Local Rule 56.1(b)(1)(B) (Plaintiffs' SOF ¶¶ 1, 2, 14, 21, 24, 38, 39, 40, 41); (2) are not supported by the record citations Plaintiffs provide (*Id.* ¶¶ 3, 7, 8, 20, 26, 34); (3) are supported by inadmissible evidence (*Id.* ¶¶ 45, 46, 48, 49, 50); or (4) otherwise improperly assert additional facts in violation of Local Rule 56.1(b)(2)(D) (*Id.* ¶¶ 38, 39, 41).

The above-listed statements included in Plaintiffs' SOF should be disregarded by the Court to the extent that they fail to comply with the Local Rules.  Local Rule 56.1(b)(1)(B) requires that all statements of material fact include "specific, pinpoint references to particular parts of record material[.]"  S.D. Fla. L.R. 56.1(b)(1)(B); *see also* Fed. R. Civ. P. 56(c)(1)(A) (party must "cit[e] to particular parts of materials in the record").  Local Rule 56.1(b)(1)(B) further specifies that "[t]he pinpoint citation shall reference pages," and that "a general citation to an exhibit without a page number or pincite . . . is non-compliant."  Local Rule 56.1(b)(1)(B).  Furthermore, for the Court to consider any additional facts, those must be asserted in numbered paragraphs following

---

[1] PGA TOUR does not concede that Plaintiffs' disputes of these three statements (paragraphs 27, 29, and 32 of PGA TOUR's SOF) constitute genuine issues of material fact sufficient to deny its Motion for Summary Judgment.

Plaintiffs' response to PGA TOUR's SOF.  S.D. Fla. L.R. 56.1(b)(2)(D); *see also Silverstein v. Boehringer Ingelheim Pharm., Inc.*, No. 19-CIV-81188, 2020 WL 6110909, at *5 (S.D. Fla. Oct. 7, 2020) ("[Additional facts] not set out in a separate section of the Statement of Material Facts . . . need not be considered.").

The Court should disregard Plaintiffs' responses to the above-referenced statements in PGA TOUR's SOF, and should deem those factual statements admitted and undisputed for purposes of ruling on PGA TOUR's Motion for Summary Judgment.  *See State Farm Mut. Auto. Ins. Co.*, 446 F. Supp. 3d 1032 at 1041 – 44 (deeming admitted moving party's factual allegations otherwise supported by the record where nonmovants' statements failed to cite to record evidence, cite entire multi-page documents with no pincite, and cite to documents that do not controvert moving party's factual allegations); *see also Goldman v. Talavera Ass'n, Inc.*, No. 9:15-CV-80872, 2016 WL 11544466, at *1 (S.D. Fla. Oct. 24, 2016) (deeming admitted defendant's entire statement of facts where *pro se* plaintiff's responses were "not supported by specific citations to record evidence").  In other words, "to the extent a party fails to cite record evidence in support of an alleged fact, that alleged fact will not be considered proven."  *Silverstein*, 2020 WL 6110909, at *5; *see also Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1330 at n. 2 (S.D. Fla. 2012) (stating that "Plaintiff's failure to follow Local Rule 56.1 was, in itself, sufficient to create a 'deemed admitted' record for purposes of evaluating [defendant's] motion [for summary judgment]," but granted summary judgment on the merits); S.D. Fla. L.R. 56.1(c) and (d).

To the extent Plaintiffs base any dispute of PGA TOUR's SOF on deposition testimony or documentary evidence that constitutes inadmissible hearsay, such disputes should also be disregarded for purposes of ruling on PGA TOUR's Motion for Summary Judgment.  "[H]earsay statements, even if stated in an affidavit or deposition, cannot be considered" on a motion for

3

summary judgment.  *Futuristic Fences, Inc. v. Illusion Fence Corp.*, 558 F. Supp. 2d 1270, 1276

(S.D. Fla. 2008) (citing *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (stating "The

general rule is that inadmissible hearsay cannot be considered on a motion for summary

judgment."); *Robinson v. LaFarge N. Am., Inc.*, 240 Fed. App'x 824, 829 (11th Cir. 2007) (stating

that inadmissible hearsay is not considered probative evidence) (internal citation omitted).  All of

these reasons, together, weigh in favor of the Court ruling in PGA TOUR's favor on its Motion

for Summary Judgment.

### III.   PLAINTIFFS DO NOT DEMONSTRATE ANY GENUINE ISSUE OF MATERIAL FACT EXISTS TO PRECLUDE SUMMARY JUDGMENT ON THEIR TORTIOUS INTERFERENCE WITH CONTRACT CLAIM (COUNT I).

Plaintiffs cannot dispute Haney's and Aisenberg's respective admissions that SiriusXM

did not breach its Agreement with Plaintiffs.[2]  Plaintiffs nevertheless argue that the fact that

Plaintiffs and SiriusXM entered into a Settlement Agreement effective June 14, 2019 "alone

suffices as evidence of a breach of the Talent Agreement."  (Plaintiffs' Response, ECF No. 86, p.

19.)  Plaintiffs go on to argue that "SiriusXM would not have paid…any amount of money, without

recognizing that Plaintiffs had suffered the consequences of a breach of their legal rights."  (*Id.*, p.

20.)  Plaintiffs' argument is disingenuous and contradicted by Aisenberg's testimony regarding the

settlement between Plaintiffs and SiriusXM.  During his deposition, Aisenberg testified that

SiriusXM's position with respect to that payment was it would pay Plaintiffs "the remainder of the

calendar year of 2019 . . . as a part of the resolution of [Plaintiffs'] agreement with the . . . agreed

termination of [Plaintiffs'] agreement between the two parties."  *See* Aisenberg Dep., 132:20-

134:23, with a true and correct copy of additional excerpts of Aisenberg's January 12, 2021

---

[2] As discussed in Section II, *supra*, although Plaintiffs purport to dispute paragraph 41 in PGA TOUR's SOF on this point, Plaintiffs' response should be disregarded because it is unsupported by any citation to record evidence.

deposition transcript attached hereto as **Exhibit "1."**

Plaintiffs also disingenuously and baselessly assert that the lack of a release for PGA TOUR in Plaintiffs' and SiriusXM's Settlement Agreement indicates that PGA TOUR procured a breach of Plaintiffs' Agreement with SiriusXM.[3]  In addition to being unsupported by admissible evidence, Plaintiffs' assertion that "[t]he PGA TOUR carve-out evidences that there was a breach of the Talent Agreement," and that "PGA TOUR caused…that breach" is conclusory and speculative.[4]  The Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *see also Chavez v. URS Fed. Tech. Servs., Inc.*, 504 F. App'x 819, 820 (11th Cir. 2013) ("Speculation and conjecture cannot create a genuine issue of material fact.") (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005)).  Here, again, the Court should disregard Plaintiffs' unsupported assertions, and grant PGA TOUR summary judgment on Plaintiffs' tortious interference with contract claim because Plaintiffs "fail[] to make a showing sufficient to establish the existence of an essential element to [Plaintiffs'] case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[3] In doing so, Plaintiffs also cite to Plaintiffs' SOF ¶ 39, which is devoid of record support for the factual assertions made therein.  As argued in Section II, *supra*, the Court should disregard those factual assertions for non-compliance with Local Rule 56.1(b)(1)(B).   Moreover, in their Response, Plaintiffs refer to and quote record evidence not filed with Plaintiffs' SOF, and not otherwise referenced in Plaintiffs' SOF.  It bears noting, too, that Aisenberg's referenced testimony regarding "Greenstein['s] belie[f] that [Haney] had a very strong case to be brought against the PGA Tour for interfering with his relationship with Sirius XM . . ." is another example of Plaintiffs' improper reliance on inadmissible hearsay in an effort to avoid summary judgment on their claims. Plaintiffs' speculative and completely unsupported argument should therefore be discounted entirely.

[4] Notwithstanding Plaintiffs' baseless assertions, it bears noting that PGA TOUR is not a party to Plaintiffs' Settlement Agreement with SiriusXM.  As such, it is not surprising or otherwise remarkable that PGA TOUR was not provided a release as part of that Settlement Agreement.

4810-9901-4632

## IV.    PLAINTIFFS CANNOT MEET THEIR BURDEN TO ESTABLISH PGA TOUR'S ALLEGED INTERFERENCE WAS UNJUSTIFIED.

Plaintiffs do not, and cannot, support their opposition to PGA TOUR's Motion for Summary Judgment on any admissible record evidence demonstrating a genuine issue of material fact on an essential element of their tortious interference claims—that PGA TOUR's alleged interference with Plaintiffs' relationship with SiriusXM was unjustified.  Instead, Plaintiffs primarily rely on selective quotations from and references to inapplicable or otherwise distinguishable cases and manufacture arguments based on irrelevant and unrelated events in an attempt to distract from the merits of PGA TOUR's Motion.  For the reasons discussed more fully below, the Court should grant summary judgment in PGA TOUR's favor on Plaintiffs' tortious interference claims because Plaintiffs cannot demonstrate a genuine issue of material fact as to whether PGA TOUR's alleged actions were unjustified under Florida law, and otherwise have failed to provide admissible evidence in support of the claims pleaded in their Complaint.

### A.  PGA TOUR Provides Ample Evidence of its Economic and Business Interests in its Brand's Affiliation with SiriusXM PGA TOUR Radio and its Relationship with the LPGA to Support its Entitlement to Summary Judgment.

Plaintiffs cannot dispute that it is well-settled Florida law that "[T]here can be no [tortious interference] claim where the action complained of is undertaken to safeguard or promote one's financial or economic interest." *Genet Co. v. Anheuser-Busch, Inc.*, 498 So. 2d 683, 684 (Fla. 3d DCA 1986) (affirming summary judgment for defendant).  It is also well-settled Florida law that where, as here, "the defendant has *any* beneficial or economic interest in, or control over" the relevant business relationship, the "defendant is not a 'stranger' to [that] business relationship." *Mattocks v. Black Ent. Television, LLC*, 43 F. Supp. 3d 1311, 1319 (S.D. Fla. 2014) (emphasis added) (citing *Palm Beach Cnty. Health Care Dist. v. Pro. Med. Educ., Inc.*, 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009) (internal citation and quotation omitted)).

PGA TOUR's interest in the SiriusXM PGA TOUR Radio channel is obvious.  On its face, the License Agreement explicitly subjects the programming on that station to PGA TOUR's consent and to the PGA TOUR's expectation that "Sirius XM shall ensure that Sirius XM and its representatives do not incorporate into the Programming any material which is: . . . (iv) *otherwise detrimental to [PGA] TOUR or* inconsistent with [PGA] TOUR's standards of appropriateness as may be provided to Sirius XM in writing . . . ."  (PGA TOUR SOF Ex. 1-1 at Article II, Section 2.01(f).)[5]  Indeed, even Greenstein, Sirius XM's President and Chief Content Officer, testified that he understood that "once [Sirius XM] w[as] on notice that's something [PGA TOUR] objected to, [PGA TOUR] had the right to take it off the channel."  (PGA TOUR's Reply Statement of Material Facts, ¶ 63 and Ex. 1 attached thereto.)

Plaintiffs also disingenuously mischaracterize testimony regarding the details of PGA TOUR's business relationship with the LPGA, and otherwise rely again on inadmissible evidence in an attempt to undercut PGA TOUR's economic and business interest in protecting its relationship with the LPGA.[6]  Plaintiffs fail to demonstrate, however, any genuine issue of material fact as to the existence of PGA TOUR's economic and business interests in protecting its relationship with the LPGA, and as to whether PGA TOUR acted to protect that relationship.  For these reasons, the Court should grant PGA TOUR's Motion for Summary Judgment.

---

[5] Plaintiffs conveniently gloss over the portion of Section 2.01(f) of the License Agreement that obligates Sirius XM to "ensure that" it and its representatives "do not incorporate into the Programming any material which is: . . . (iv) *otherwise detrimental to [PGA] TOUR . . . .*" (Plaintiffs' Motion, ECF No. 86, p. 10.)

[6] Plaintiffs impermissibly seek to rely on inadmissible evidence in the form of Monahan's testimony regarding his recollection of a conversation with LPGA Commissioner Mike Whan, and an email Plaintiffs produced purporting to "memorialize" "Whan's wishes" that does not include Whan.  The Court should also disregard these references in Plaintiffs' SOF for purposes of ruling on PGA TOUR's Motion for Summary Judgment.

**B. Plaintiffs Provide No Probative Evidence that PGA TOUR Acted with Malice or that PGA TOUR Employed Improper Means.[7]**

Plaintiffs selectively cite cases involving tortious interference claims under Florida law in a desperate attempt to recast their legal burden to avoid summary judgment.  For example, Plaintiffs cite *Slip-N-Slide Records, Inc. v. TVT Records, LLC* to claim that "[a]ny privilege to interfere in a business relationship is defeated if the interfering party acts in bad faith."  No. 05-21113-CIV-TORRES, 2007 WL 473273, at *4 (S.D. Fla. Feb. 8, 2007).  However, Plaintiffs omit the actual standard articulated by the Court in that case – "[u]nder Florida law, a tortious interference claim is actionable where malice is the *sole* basis for interference."  *Id.* (citing *Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1225-26 (Fla. 3d DCA 1980) (emphasis added)).

In fact, a defendant "ha[s] a qualified privilege to interfere" in a business relationship "to safeguard its own financial interests, so long as it d[oes] not do so solely by 'improper' means." *Id.* (citing *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1327 (11th Cir. 2004).  *Mattocks v. Black Entertainment Television LLC*, which Plaintiffs also cite, in turn states that a "party cannot be liable for tortious interference when it has a supervisory interest in how the relationship is conducted or a potential financial interest in how a contract is performed."  43 F. Supp. 3d at 1319 (internal citation and quotation omitted).  *Mattocks* continues by explaining "[a]n exception to this rule exists 'where malice is the *sole* basis for the interference' – that is, when the defendant is 'interfering *solely* out of spite, to do harm, or for some other bad motive."  *Id.* (citing *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 n. 9 (11th Cir. 2001)).

---

[7] Plaintiffs do not include any argument or response to the portion of PGA TOUR's Motion for Summary Judgment highlighting the lack of a genuine issue of material fact as to whether PGA TOUR employed improper means when it allegedly interfered in Plaintiffs' relationship with SiriusXM.  This omission further supports granting PGA TOUR's Motion for Summary Judgment.

4810-9901-4632

Plaintiffs cite to no evidence of malice by PGA TOUR because no such evidence exists. Plaintiffs do not address the dearth of evidentiary support for the allegations in their Complaint regarding PGA TOUR's purported "long-standing animus towards Haney from its desire to settle an old score relating to the professional golfer Tiger Woods." (Compl., ECF No. 1, ¶ 3.) As PGA TOUR argued in its Motion for Summary Judgment, Plaintiffs do not have any admissible evidence supporting that PGA TOUR harbored any such "long-standing animus towards Haney," much less that PGA TOUR's conduct, even absent any long-standing animus, was motivated solely by malice. Instead, Plaintiffs inject completely unrelated and distinguishable events pertaining to non-party professional golfers into their Response that have nothing to do with Plaintiffs or the allegations in this case.[8] Using those unrelated events, Plaintiffs make a specious but unsuccessful attempt to create a triable question regarding whether PGA TOUR acted with malice in response to Haney's comments during his May 29, 2019, broadcast on SiriusXM PGA TOUR Radio.

Plaintiffs' reliance on the social media "sentiment analysis" Aisenberg conducted and testified regarding during his deposition as one of Plaintiffs' experts in this matter is also misguided. First, Aisenberg's "expert" opinions regarding this "sentiment analysis" are one of the subjects of PGA TOUR's pending Motion to Exclude Plaintiffs' proffered experts' testimony. (ECF No. 80.) As PGA TOUR argues in its Motion to Exclude, the conclusions Aisenberg—and by extension, Plaintiffs—draw from this "sentiment analysis" are inadmissibly speculative and unreliable. (ECF No. 80, p. 13.) As such, like the other inadmissible and speculative evidence Plaintiffs cite in opposition to PGA TOUR's Motion for Summary Judgment, the Court should also disregard the "sentiment analysis" for purposes of ruling on PGA TOUR's Motion for

---

[8] Plaintiffs also refer to comments Kelly Tilghman, a now-retired Golf Channel broadcaster, made in 2008 regarding Tiger Woods, which also have no bearing on whether PGA TOUR was justified in its response to Haney's May 29, 2019, comments.

Summary Judgment.  Moreover, such evidence, even if it were admissible, which it is not, does not demonstrate that PGA TOUR acted with malice, much less that such malice was the sole basis for PGA TOUR's actions.

## **CONCLUSION**

For all of the reasons discussed above as well as in PGA TOUR's Motion for Summary Judgment, PGA TOUR respectfully requests that the Court grant summary judgment to PGA TOUR on Plaintiffs' claims for tortious interference with contract (Count I) and for tortious interference with business relationship (Count II), along with such other and further relief as the Court deems proper.

Dated: May 10, 2021                    Respectfully submitted,

*/s/ William E. Davis*
William E. Davis
Florida Bar No. 191680
wdavis@foley.com
Angelica L. Novick
Florida Bar No. 105069
anovick@foley.com
Foley & Lardner LLP
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131-1832
Telephone: (305) 482-8400
Facsimile: (305) 482-8600

Kelly S. Milliron
Florida Bar No. 1018917
kmilliron@foley.com
Foley & Lardner LLP
1 Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-2000
Facsimile: (904) 359-8700
*Counsel for Defendant, PGA TOUR, Inc.*

10

4810-9901-4632

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 10, 2021, I electronically served the foregoing on all counsel of record via the e-mail addresses listed on the attached Service List.

*/s/ William E. Davis*
William E. Davis

11

4810-9901-4632

<u>SERVICE LIST</u>
Hank Haney and Hank Haney Media, LLC v. PGA TOUR, Inc.

<u>Case No. 0:19-cv-63108-rar</u>

**Attorneys for Plaintiffs:**

**Riley W. Cirulnick**
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3rd Avenue
Suite 1800
Fort Lauderdale, FL 33301
954-462-8000
Fax: 954-462-4300
rcirulnick@rprslaw.com

**Peter R. Ginsberg**
Michelman & Robinson, LLP
800 Third Avenue, 24th Floor
New York, NY 10022
(212) 730-7700
pginsberg@mrllp.com

**Arthur Halsey Rice**
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3 Avenue
Suite 1800
Fort Lauderdale, FL 33301
305-379-3121
Fax: 305-379-4119
arice.ecf@rprslaw.com
arice@rprslaw.com

4810-9901-4632