UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:19-CV-63108-RAR

HANK HANEY and
HANK HANEY MEDIA, LLC,

       Plaintiffs,

  vs.

PGA TOUR, INC.,

       Defendant.

_____/

## DEFENDANT PGA TOUR, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF JEREMY AISENBERG AND PATRICK MCGEE AND INCORPORATED MEMORANDUM OF LAW

## <u>TABLE OF CONTENTS</u>

TABLE OF CITATIONS ...................................................................................................... ii

ARGUMENT ..................................................................................................................... 1

    A.    Plaintiffs Inappropriately Label Aisenberg and McGee as "Hybrid" Witnesses. ....................................................................................................... 2

    B.    Aisenberg's and McGee's Expert Testimony as to Plaintiffs' Damages Does Not Meet the Requirements of Fed. R. Evid. 702 or *Daubert*. ...................... 4

    C.    Aisenberg's and McGee's Other Opinions Should Be Excluded at Trial. ............. 9

CONCLUSION .................................................................................................................. 10

4820-2304-8682

## TABLE OF CITATIONS

**Cases**                                                                                      **Page(s)**

*Allison v. McGhan Med. Corp.*,
   184 F.3d 1300 (11th Cir. 1996) ................................................................. 2

*Arch Specialty Ins. Co. v. BP Investment Partners, LLC*,
   No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5848317 (M.D. Fla. Oct. 1, 2020) ....................... 3, 4

*Atl. Rim Equities, LLC v. Slutzky, Wolfe & Bailey, LLP*,
   No. 1:04-CV-2647-WSD, 2006 WL 5159598 (N.D. Ga. Nov. 21, 2006) ................................ 5

*Club Car, Inc. v. Club Car (Quebec) Imp., Inc.*,
   362 F.3d 775 (11th Cir. 2004) ................................................................. 2, 4

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993)..................................................................... 2, 6, 9, 10

*Delta Air Lines, Inc. v. Ageloff*,
   552 So. 2d 1089 (Fla. 1989)................................................................... 8

*Fla. Transp. Serv., Inc. v. Miami-Dade Cnty.*,
   No. 05-22637-CIV, 2009 WL 10696630 (S.D. Fla. Dec. 30, 2009)........................... 5

*Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*,
   No. 04-20073-CIV, 2005 WL 5955701 (S.D. Fla. Aug. 17, 2005) ........................... 6

*Kaplan v. Kaplan*,
   No. 2:10-cv-237-FtM-99SPC, 2012 WL 1660605 (M.D. Fla. May 11, 2012).......................... 3

*McClain v. Metabolife Int'l, Inc.*,
   401 F.3d 1233 (11th Cir. 2005) ......................................................... 6, 7, 8

*Pediatric Nephrology Associates v. Variety Children's Hospital*,
   No. 1:16-cv-24138-UU, 2017 WL 5665346 (S.D. Fla. Nov. 6, 2017) ................................ 3, 4

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004) ................................................................. 9

*Walt Disney World Co. v. Blalock*,
   640 So. 2d 1156 (Fla. 5th DCA 1994)..................................................................... 8

*Williams v. Mast Biosurgery USA, Inc.*,
   644 F.3d 1312 (11th Cir. 2011) ................................................................. 3

*Winn-Dixie, Inc. v. Dolgencorp, LLC*,
  862 F. Supp. 2d 1322 (S.D. Fla. 2012) ........................................................................................ 5

**<u>Rules</u>**

Fed. R. Civ. P. 26(a)(2)(C) ...................................................................................... 1, 3

Fed. R. Evid. 702 ......................................................................................... i, 1, 4, 7, 10

Defendant PGA TOUR, Inc. ("PGA TOUR"), by and through its undersigned counsel, and pursuant to Fed. R. Evid. 702 and Local Rule 7.1 of the United States District Court for the Southern District of Florida, hereby files this reply memorandum in support of its motion to exclude the testimony of Jeremy Aisenberg ("Aisenberg") and Patrick McGee ("McGee") offered by Plaintiffs Hank Haney ("Haney") and Hank Haney Media, LLC ("HHM") (collectively, "Plaintiffs").  In further support of its motion to exclude, PGA TOUR states as follows:

## ARGUMENT

In response to PGA TOUR's motion, Plaintiffs improperly frame the legal standard governing both their expert disclosure obligations and the admissibility of Aisenberg's and McGee's proffered expert testimony, especially with respect to Aisenberg's fundamentally unreliable analysis of Haney's purported damages in this action.[1]  Plaintiffs boldly assert that because Plaintiffs disclosed both Aisenberg and McGee as "hybrid witnesses" pursuant to Fed. R. Civ. P. 26(a)(2)(C), their respective "expert" opinions (including with respect to Plaintiffs' damages) are exempt from the strictures of Fed. R. Evid. 702 and *Daubert v. Merrell Dow. Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  However, and as argued more fully below, Plaintiffs' assertion is incorrect and directly contradicted by well-established law.

Moreover, "[t]he burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1996) (citing *Daubert*, 509 U.S. at 592 n. 10).  Plaintiffs' argument improperly shifts their burden to establish

---

[1] Plaintiffs also offer McGee to provide his expert opinion related to Plaintiffs' damages.  However, and as argued in PGA TOUR's motion, McGee's opinions on Plaintiffs' damages are premised entirely upon Aisenberg's unreliable analysis, and therefore, McGee's opinions on Plaintiffs' damages are unreliable by association.

the admissibility of Aisenberg's and McGee's expert testimony onto PGA TOUR by arguing that PGA TOUR's "attacks" on Aisenberg's and McGee's expert testimony are "flawed," including because PGA TOUR purportedly "chose" not to explore the methodology underlying Aisenberg's damages analysis during Aisenberg's expert deposition.  Contrary to Plaintiffs' arguments, expert testimony like Aisenberg's damages analysis is not presumptively admissible.  Instead, and as argued in PGA TOUR's motion, the Court may only permit Plaintiffs' experts' testimony if: "(1) [each] expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact."  *Club Car, Inc. v. Club Car (Quebec) Imp., Inc.*, 362 F.3d 775, 780 (11th Cir. 2004).  Because neither Aisenberg nor McGee is qualified to provide expert testimony on the topics identified in PGA TOUR's motion (especially with respect to Aisenberg's damages analysis), nor are Aisenberg's and McGee's respective opinions sufficiently reliable, the Court should preclude Aisenberg and McGee from providing expert testimony at trial.[2]

### A.  Plaintiffs Inappropriately Label Aisenberg and McGee as "Hybrid" Witnesses.

Plaintiffs conclusorily claim that both Aisenberg and McGee "easily satisfy" the relevant evidentiary standards, including with respect to Aisenberg's damages analysis, because they have been offered to provide "both fact and opinion testimony grounded in their technical, specialized knowledge." (Plaintiffs' Response, ECF No. 95, p. 8.)  Plaintiffs' argument  rests primarily on the fact that Plaintiffs chose to disclose Aisenberg and McGee as hybrid witnesses under Fed. R. Civ. P. 26(a)(2)(C).  In evaluating purported hybrid witnesses, "the Court must ensure it is not allowing a wolf in sheep's clothing—that is, a party may not simply proffer an expert as a lay witness."

---

[2] Plaintiffs inaccurately argue that PGA TOUR's only challenge to Aisenberg's and McGee's expert testimony is with respect to their proffered testimony on Plaintiffs' damages.  In its motion, PGA TOUR also argues that Aisenberg's and McGee's proffered expert testimony regarding other topics should be excluded at trial.  (*See* PGA TOUR's motion, ECF No. 80, pp. 18-20).

*Arch Specialty Ins. Co. v. BP Investment Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5848317, at *4 (M.D. Fla. Oct. 1, 2020) (citing *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011)).

When a purported hybrid witness's testimony goes beyond an account of their own experience, "it crosses the line from lay to expert testimony and must comply with the requirements of Rule 702 and the strictures of *Daubert*." *Arch Specialty Ins. Co.*, 2020 WL 5848317, at *4 (citing *Williams*, 644 F.3d at 1317-18); *see also Kaplan v. Kaplan*, No. 2:10-cv-237-FtM-99SPC, 2012 WL 1660605, at *1 (noting "the Eleventh Circuit has instructed this Court to ensure that the requirements of the Federal Rules are not 'evaded through [the] simple expedient of proffering an expert in lay witness clothing."). Like the would-be hybrid witness in *Pediatric Nephrology Associates v. Variety Children's Hospital*, a case Plaintiffs cite in their response, Aisenberg's "expert" opinions on Plaintiffs' damages—and McGee's opinions on this topic by extension— plainly cross the line from "hybrid witness" testimony to expert testimony. No. 1:16-cv-24138-UU, 2017 WL 5665346, at *13-14 (S.D. Fla. Nov. 6, 2017) (noting that witness "went far beyond the scope of his normal company duties to create a valuation model based on information that he admitted he had no prior experience with.").

Indeed, Aisenberg even acknowledged during his expert deposition that he prepared the "Financial Damages Calculation" attached to his expert disclosure at Plaintiffs' and Plaintiffs' counsel's behest, and not as part of his normal duties as Haney's agent.  (*See* PGA TOUR's Motion, ECF No. 80 pp. 10-11; Ex. C. thereto, Aisenberg Dep. pp. 20:23-21:22); *Pediatric Nephrology Associates*, 2017 WL 5665346, at *13-14.  Although Plaintiffs now also claim McGee is a hybrid witness, notably, Plaintiffs did not disclose McGee in either their Initial Disclosures served on April 14, 2020, or their First Supplemental Initial Disclosures served on June 25, 2020.

3

A true and correct copy of Plaintiffs' Initial Disclosures and First Supplemental Initial Disclosures are attached hereto as **Exhibit "A."**  Moreover, prior to McGee's disclosure as one of Plaintiffs' proffered expert witnesses, McGee has had no involvement in this action, including as a source of fact discovery.

Regardless of the label Plaintiffs affixed to Aisenberg's and McGee's proffered testimony, "it is the Court's role to act as gatekeeper to ensure each party meets the Rules of Evidence requirements and that all expert testimony is both relevant and reliable." *Arch Specialty Ins. Co.*, 2020 WL 5848317, at *4.  For the reasons discussed further below (and in PGA TOUR's motion) the Court should exercise its role as gatekeeper to preclude Aisenberg's and McGee's proffered expert testimony, especially with respect to Aisenberg's calculation of Plaintiffs' projected financial damages.

### B. Aisenberg's and McGee's Expert Testimony as to Plaintiffs' Damages Does Not Meet the Requirements of Fed. R. Evid. 702 or *Daubert.*

The Court may only permit Plaintiffs' experts' testimony if: "(1) [each] expert is qualified to testify on the topic at issue, (2) the methodology used by [each] expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." *Club Car, Inc.*, 362 F.3d at 780.  As argued in PGA TOUR's motion, and despite the arguments in Plaintiffs' response, Plaintiffs have failed to establish how Aisenberg and McGee meet the first two requirements of this standard.  Therefore, this Court should preclude Aisenberg and McGee from testifying regarding Plaintiffs' projected damages.

Although Plaintiffs describe Aisenberg's and McGee's industry-specific professional experience in their response, Plaintiffs still fail to demonstrate how Aisenberg is qualified to calculate or testify regarding Plaintiffs' projected financial damages as attached to Aisenberg's

4

Amended Expert Disclosure.  Plaintiffs have also failed to demonstrate how McGee is separately qualified to either calculate or testify regarding Plaintiffs' projected financial damages.

As PGA TOUR argued in its motion, experts with accounting backgrounds are standard for the type of financial damages opinions and testimony that Plaintiffs seek to have Aisenberg and McGee provide.  *See, e.g.*, *Winn-Dixie, Inc. v. Dolgencorp, LLC*, 862 F. Supp. 2d 1322, 1329 (S.D. Fla. 2012); *aff'd*, 746 F.3d 1008 (11th Cir. 2014) (ruling that proffered expert with a Ph.D. in Economics and experience calculating lost profits and damages was qualified to offer expert damages testimony); *Atl. Rim Equities, LLC v. Slutzky, Wolfe & Bailey, LLP*, No. 1:04-CV-2647-WSD, 2006 WL 5159598, at *4-5 (N.D. Ga. Nov. 21, 2006) (ruling that certified public accountant with experience in calculating litigation damages and forensic accounting was qualified to perform damages analysis); *Fla. Transp. Serv., Inc. v. Miami-Dade Cnty.*, No. 05-22637-CIV, 2009 WL 10696630, at *4 (S.D. Fla. Dec. 30, 2009), *report and recommendation adopted*, No. 05-22637-CIV, 2010 WL 11591198 (S.D. Fla. Feb. 12, 2010) (ruling that expert's background as a certified public accountant satisfied qualifications prong of *Daubert* analysis).  Neither Aisenberg nor McGee possess comparable qualifications or experience.  (*See* PGA TOUR's motion, ECF No. 80, pp. 7-8, and exhibits cited therein.)  Other than asserting that Aisenberg and McGee should be exempt from the requirements of *Daubert*, and repeating Aisenberg's and McGee's industry-specific experience, Plaintiffs are unable to provide any viable support establishing that Aisenberg and McGee are qualified to provide the damages opinions Plaintiffs offer them to provide.  As such, the Court should preclude Aisenberg and McGee from testifying regarding Plaintiffs' projected financial damages at trial.

With respect to the reliability prong of the *Daubert* analysis, Plaintiffs again are not able to articulate how Aisenberg's so-called "flat line projection" of Plaintiffs' purported financial

damages is a reliable method for that calculation.  The Court may consider all relevant factors to determine whether an economic conclusion is sufficiently reliable, including: "(1) whether the theory or technique has been subject to peer review or publication; (2) the rate of error; and (3) whether the methodology has been generally accepted."  *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, No. 04-20073-CIV, 2005 WL 5955701, at *3 (S.D. Fla. Aug. 17, 2005) (quoting *Daubert*, 509 U.S. at 592-93).  Plaintiffs do not provide support for any of these factors because none exists.  Instead, Plaintiffs offer Aisenberg's "flat line projection" calculation with no indication that it is a generally accepted method for calculating financial damages.  Critically, "the trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1244 (11th Cir. 2005) (quoting Fed. R. Evid. 702 Advisory Committee's note (2000)).  However, taking Aisenberg's word for it when it comes to the reliability of his financial damages projections is exactly what Plaintiffs ask the Court to do.

For example, with respect to the "Media and Advertisers" category of Aisenberg's financial damages projection, Plaintiffs argue that "Aisenberg combined his professional experience with an analysis of Plaintiff[s'] situation (experience, historical revenue, and particular data addressing trends in the golf industry, all of which was produced to PGA TOUR…)" to arrive at his projection.  (*See* Plaintiffs' Response ECF No. 95, p. 12.)  The Aisenberg deposition testimony Plaintiffs cite to support this statement includes Plaintiffs' counsel—not Aisenberg—conclusorily stating that "[Aisenberg] said that [he] based [his] projections…not only on [his] experience, but also on historical revenue and particular data," without description or explanation.  (*Id.*, Ex. 1, p. 117:7-9.)  Instead of articulating Aisenberg's methodology and providing relevant information to assist the Court with assessing its reliability, Plaintiffs instead highlight Aisenberg's own testimony indicating "this type of a pro forma analysis could take almost [an] infinite number of

forms that would be reasonable, *none of which are going to be scientifically precise*…"  (*Id.* at

116:16-24.)[3]  While a damages analysis can take a number of forms, the key to whether the Court

should permit expert testimony regarding that damages analysis is whether the methodology

underlying the analysis is reliable.  Unfortunately for Plaintiffs, Aisenberg cannot articulate a

methodology grounded in anything other than his claimed experience, leaving the Court with no

way to determine if Aisenberg's opinions are reliable.

       Further underscoring the lack of reliability of Aisenberg's calculation, Plaintiffs try to

explain away a critical flaw in Aisenberg's overall analysis—Aisenberg's failure to discount any

of Plaintiffs' projected future lost revenues to present value—by baselessly stating that

Aisenberg's "flat line approach offsets the need to calculate a discounted value."  (Plaintiffs'

Response ECF No. 95, p. 13.)  Plaintiffs proceed to (again baselessly) argue that if Plaintiffs are

awarded damages at trial, the Court "can modify that amount to a present value, or instruct the jury

regarding a present value calculation, if the Court deems that appropriate."  (*Id.*)  Tellingly,

Plaintiffs cite no authority to support this argument.[4]

---

[3] In an effort to distract from the merits of PGA TOUR's arguments, Plaintiffs set up a straw man
argument that PGA TOUR does not make in its motion.  Specifically, Plaintiffs assert that PGA
TOUR challenged Aisenberg's "opinion" that "but-for the PGA TOUR's wrongful actions,
Plaintiffs would have been able to continue their success."  (*See* Plaintiffs' Response, ECF No. 95,
p. 14.)  Plaintiffs then use that baseless premise to inject irrelevant and speculative "facts" and
argument into their response regarding whether Plaintiffs would have continued their contractual
and business relationships with SiriusXM indefinitely absent PGA TOUR's alleged interference.
Instead of addressing PGA TOUR's arguments regarding the speculative and unreliable nature of
the "sentiment analysis" Aisenberg referenced in his expert deposition, Plaintiffs treat its contents
as presumptively reliable and admissible to show that public "sentiment [regarding Haney] had
returned to a net positive within seven days of [Haney's May 29, 2019] remarks."  (Plaintiffs'
Response, ECF No. 95, pp. 14-15.)  The "sentiment analysis" Plaintiffs cite to in their Response
was also not produced in discovery, and should not be considered for purposes of ruling on PGA
TOUR's motion.

[4] Notably, Florida Standard Jury Instruction 504.10 provides that "[a]ny amount of damages which
[the jury] award[s] for future damages should be reduced to its present money value…" The
Florida Standard Jury Instructions do not provide any further instruction for how the jury should

In addition to these overarching deficits in the overall reliability of Aisenberg's damages analysis, Plaintiffs go on to overstate Aisenberg's deposition testimony regarding his calculations related to the endorsement and appearances and licensing and royalties categories of Plaintiffs' projected damages.  Plaintiffs claim that Aisenberg "provided extensive financial records, revenue records, and contracts that identified the source of [his] damage[s] calculation, including the endorsements and appearances that came to an end because Haney lost his platform." (*Id.* at p. 15.)  Neither Aisenberg nor Plaintiffs provided such "extensive" information, during Aisenberg's deposition or otherwise, including at the portions of Aisenberg's deposition that Plaintiffs cite to support this argument.

Finally, with respect to Aisenberg's calculation of $69,400,000.00 in projected lost "e-commerce" revenue for Haney's non-party business, VooDoo Labs, LLC, Plaintiffs do not respond to PGA TOUR's arguments regarding the reliability (or lack thereof) of Aisenberg's calculation. Instead, Plaintiffs attempt to explain Aisenberg's approach to his calculation, persisting in their failure to provide any information supporting the reliability of that approach.  Again, and as PGA TOUR argued in its motion, Aisenberg did not: (1) employ an accepted methodology with respect to this projection; (2) cite to any produced documents or record evidence supporting his calculations; or (3) discount the amount of these claimed projected damages to present value. (PGA TOUR's Motion, ECF No. 80, pp. 17-18.)

---

approach such an exercise, which further underscores the critical importance of the Court's gatekeeping function when assessing the reliability (or lack thereof) of Aisenberg's methodology for calculating Plaintiffs' projected financial damages. *See Walt Disney World Co. v. Blalock*, 640 So. 2d 1156, 1159 (Fla. 5th DCA 1994) (commenting on the jury's failure to reduce its damages award to present value, and observing "it is unrealistic to direct a jury to perform an economic calculation which the Florida Supreme Court candidly recognizes is beyond its own expertise.") (citing *Delta Air Lines, Inc. v. Ageloff*, 552 So. 2d 1089, 1093 (Fla. 1989)).

For the foregoing reasons, and the other reasons stated in PGA TOUR's motion, Aisenberg's calculations and Aisenberg's and McGee's proffered testimony regarding those calculations and Plaintiffs' projected financial damages are highly suspect.  As the Eleventh Circuit has stated, "[t]he importance of *Daubert*'s gatekeeping requirement cannot be overstated…[and t]he district court's role is especially significant since the expert's opinion 'can be both powerful and quite misleading [to a jury] because of the difficulty in evaluating it." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (quoting *Daubert*, 509 U.S. at 595). "[D]istrict courts must take care to weigh the value of [expert testimony] against its potential to mislead or confuse." *Id.* at 1263.  The Court should, therefore, exercise its gatekeeping function to preclude Aisenberg and McGee from providing expert testimony regarding Plaintiffs' damages.

### C.  Aisenberg's and McGee's Other Opinions Should Be Excluded at Trial.

Plaintiffs confusingly argue that PGA TOUR seeks to exclude only Aisenberg's proffered expert testimony regarding his flawed calculations of Plaintiffs' projected financial damages.  It is unclear what the basis is for this argument, considering PGA TOUR specifically argued in support of excluding Aisenberg's expert testimony regarding the other "topics" identified in his Amended Expert Disclosure.  (*See* PGA TOUR's motion, pp. 18-19.)  PGA TOUR hereby renews those arguments, and respectfully requests that the Court preclude Aisenberg from providing unreliable, and therefore inadmissible, expert testimony at trial on topics including: (1) "SiriusXM's business prior to Plaintiffs joining the outlet and the impact of Haney's radio show on SiriusXM's financial condition;" (2) Aisenberg's purported "analyses" of "SiriusXM's monetization," "Haney's monetization," and the "immediate and long-term financial and professional damage sustained by Plaintiffs;" and (3) the financial and listenership impact on SiriusXM in reaction to Haney's May 29, 2019, broadcast if Haney had not left his radio show on SiriusXM PGA TOUR Radio.  (*Id.*)  Aisenberg should not be permitted to provide expert testimony on these and any other vague and

9

unsubstantiated topics at trial, as doing so exposes PGA TOUR to potential substantial prejudice in the form of jury confusion.

Plaintiffs further confusingly argue that PGA TOUR does not substantively challenge McGee's proffered expert testimony.   However, in addition to arguing extensively that Aisenberg's purported "expert" testimony regarding Plaintiffs' projected financial damages—which Plaintiffs also proffer McGee to validate—should be excluded, PGA TOUR further argues that McGee should be precluded from providing "expert" testimony regarding whether the comments Haney made during the May 29, 2019, broadcast would have had a negative effect on PGA TOUR's brand.  McGee's testimony on this point was unsupported and inherently unreliable because McGee based it on generic, undisclosed "information" that led McGee to conclude that Haney's May 29, 2019, comments "would not" have had a negative effect on PGA TOUR's brand. (*Id.*, p. 20.).  PGA TOUR otherwise reserves its rights with respect to McGee's other proffered testimony to the extent McGee lacks personal knowledge in support of that testimony.

## <u>CONCLUSION</u>

For the reasons discussed above, and in PGA TOUR's motion, PGA TOUR respectfully requests that the Court preclude Jeremy Aisenberg and Patrick McGee from providing expert testimony at the trial of this action, together with such other and further relief as the Court deems just and proper.

4820-2304-8682

Dated: May 17, 2021

Respectfully submitted,

*/s/ William E. Davis*
William E. Davis
Florida Bar No. 191680
wdavis@foley.com
Angelica L. Novick
Florida Bar No. 105069
anovick@foley.com
Foley & Lardner LLP
2 South Biscayne Boulevard, Suite 1900
Miami, FL 33131-1832
Telephone: (305) 482-8400
Facsimile: (305) 482-8600

Kelly S. Milliron
Florida Bar No. 1018917
kmilliron@foley.com
Foley & Lardner LLP
1 Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-2000
Facsimile: (904) 359-8700
*Counsel for Defendant, PGA TOUR, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17, 2021, I electronically served the foregoing on all

counsel of record via the e-mail addresses listed on the attached Service List.

*/s/ William E. Davis*
William E. Davis

11

<u>SERVICE LIST</u>
Hank Haney and Hank Haney Media, LLC v. PGA TOUR, Inc.

<u>Case No. 0:19-cv-63108-rar</u>

**Attorneys for Plaintiffs:**

**Riley W. Cirulnick**
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3rd Avenue
Suite 1800
Fort Lauderdale, FL 33301
954-462-8000
Fax: 954-462-4300
rcirulnick@rprslaw.com

**Peter R. Ginsberg**
Michelman & Robinson, LLP
800 Third Avenue, 24th Floor
New York, NY 10022
(212) 730-7700
pginsberg@mrllp.com

**Arthur Halsey Rice**
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3 Avenue
Suite 1800
Fort Lauderdale, FL 33301
305-379-3121
Fax: 305-379-4119
arice.ecf@rprslaw.com
arice@rprslaw.com

4820-2304-8682