UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| **HANK HANEY** and **HANK HANEY MEDIA LLC**, | ) ) Civil Action No. 0:19-CV-63108-RAR |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| **PGA TOUR, INC.**, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S UNOPPOSED MOTION TO BIFURCATE
ATTORNEYS' FEES PROCEEDINGS**

Defendant PGA TOUR, INC. ("PGA TOUR"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 54(d)(2)(C) and S.D. Fla. Local Rule 7.3(a), hereby respectfully requests this Court's entry of an order bifurcating PGA TOUR's Motion for Attorneys' Fees and/or Non-Taxable Expenses and Costs (the "Motion for Attorneys' Fees") as to entitlement and amount and correspondingly modifying the Local Rule 7.3 procedure, and in support states as follows:

**Introduction**

1. In the above-styled action, Plaintiffs, HANK HANEY and HANK HANEY MEDIA LLC (collectively, "Plaintiffs"), pursued claims for tortious interference against PGA TOUR.

2. Plaintiffs' claims have been finally adjudicated, and PGA TOUR is the prevailing party. On August 19, 2021, this Court entered its Order Granting Defendant's Motion for Summary Judgment [ECF No. 118] and subsequent Final Judgment [ECF No. 119] in favor of PGA TOUR (the "Final Judgment").

1

3. PGA TOUR now asserts that it is entitled to an award of attorneys' fees and costs against Plaintiffs based upon proposals for settlement previously served upon Plaintiffs.

4. The Motion for Attorneys' Fees is due October 18, 2021, or sixty (60) days from the entry of the Final Judgment. S.D. Fla. L.R. 7.3(a)(1); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (S.D. Fla. Local Rule 7.3 is an "order of the court" that governs the case and establishes the time to file a fee motion); Fed. R. Civ. P. 54(d)(2)(B) (establishing the time to file a motion for attorney's fees and related nontaxable expenses "[u]nless otherwise provided by . . . order of the court").[1]

5. In this Motion, PGA TOUR requests that the issues of entitlement (*i.e.*, liability for fees and related nontaxable expenses) and amount (*e.g.*, number of hours reasonably expended and reasonable hourly rates) be bifurcated, and that the Local Rule 7.3 pre-filing procedure be modified accordingly, such that the parties first litigate entitlement only.

**Memorandum of Law and Argument**

6. The bifurcation relief requested in this Motion is expressly permitted and provided for in the governing Rules. A trial court has broad discretion to bifurcate a fee motion and resolve fee liability before addressing the amount of fees appropriate. Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before receiving submissions on the value of services."); S.D. Fla. L.R. 7.3(a) ("either party may move the Court to determine entitlement prior to submission on the issue of amount.").

7. Bifurcation is appropriate when it serves the reasons of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b) ("Separate Trials"); *Itel Cap. Corp.*

---

[1] PGA TOUR will separately file its Bill of Costs and supporting memorandum pursuant to S.D. Local Rule 7.3(c) and Fed. R. Civ. P 54(d)(1).

4841-1834-9561.1

*v. Cups Coal Co.*, 707 F.2d 1253, 1260 (11th Cir. 1983) (holding that district court's decision to bifurcate was not an abuse of discretion). As the Southern District has noted, these same guidelines "have also been applied when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount" and "[t]o justify bifurcation, only one of the previously mentioned reasons needs to be shown." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-21142-CIV, 2013 WL 4068786, at *2 (S.D. Fla. Aug. 12, 2013) (internal citation omitted).

8. In this case, bifurcation would serve all of the valid reasons of convenience, avoiding prejudice, and expediting and economizing litigation.

9. First, Plaintiffs may appeal the Final Judgment. Accordingly, there may still be work left to be done by PGA TOUR's lawyers, and fees are still being incurred by PGA TOUR, so any discussions about the appropriate amount of fees at this point would be premature and the records supporting those fees incomplete. PGA TOUR could be prejudiced if it is forced to litigate "amount" now, before all necessary work is complete and attorney invoices have issued on that work, and without the benefit of proper context for the necessity and reasonableness of work performed, as the appeal issues have yet to be presented and briefed / argued. Moreover, the parties may be able to negotiate the recoverable attorneys' fees and costs, thereby potentially saving substantial judicial and party resources.

10. Moreover, this case has already been heavily litigated for several years, and the amount of necessary and reasonable attorneys' fees and costs incurred by PGA TOUR is accordingly substantial, coupled with the fact that Plaintiffs contest that PGA TOUR is entitled to attorneys' fees pursuant to proposals for settlement. Therefore, it makes sense for the significant work of determining the appropriate amount of attorneys' fees and costs, which will likely require a substantial expenditure of time and resources by the parties and Court, to be performed after the

Court has ruled on "entitlement."² In this manner, bifurcation will promote efficient use of the Court's resources and economy of time and effort for the parties and their counsel.

11. Further illustrative is *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2019 WL 3214243 (M.D. Fla. July 17, 2019), in which, after the Court granted summary judgment for the insurer, the Magistrate Judge bifurcated the attorneys' fees proceedings to first determine the insurer's entitlement to attorneys' fees based on a proposal for settlement and then later determine the amount of fees, if and after the insurer prevailed in the insured's appeal. The District Judge granted the insurer entitlement under Florida's offer of judgment statute and stated that "[t]he amount of attorneys' fees, including any fees related to the appeal, will be determined following the appeal if [the insurer] prevails, consistent with Magistrate Judge Irick's bifurcation of the attorneys' fees proceedings." *Id.* at 6. PGA TOUR submits that the present similarly-situated case should be handled in like manner.

12. As explained above, the circumstances of this case clearly demonstrate that bifurcation will avoid prejudice while furthering the parties' and the Court's convenience and the interests of expediency and economy. This is precisely an instance where bifurcation of entitlement from amount is proper "due to the complexity of the issues and in the interest of expediency and economy." *Gables Ins. Recovery*, 2013 2013 WL 4068786, at *6 (citing *Rolls-Royce Commercial Marine, Inc. v. Royal & Sun Alliance Ins. PLC*, No. 09-61329-CIV-ALTONAGA/BROWN, ECF No. 134 (S.D. Fla. Mar. 23, 2011) (granting motion to bifurcate in insurance recovery dispute)); *Victory Int'l, LLC v. Perry Ellis Int'l, Inc.*, No. 08-20395-CIV-

---

² This case has been very active and has featured, *inter alia*, extensive fact discovery, expert depositions, summary judgment and *Daubert* briefing, and contested litigation through to the eve of trial. Bifurcation would give the parties more time to review PGA TOUR's extensive fees and costs backup and calculations, confer and attempt to resolve any objections raised by Plaintiffs, and potentially reduce or remove the need for judicial involvement on the issue of "amount."

4

HUCK/O'SULLIVAN, ECF No. 400 (S.D. Fla. Dec. 19, 2008) (same in tortious interference/unfair competition case).

13. Relatedly, PGA TOUR requests that, as to the issue of entitlement, the requirement of Local Rule 7.3(b) to exchange a draft of the motion and written objections thereto by opposing counsel in advance of filing the final motion be dispensed with, with the understanding that counsel will otherwise abide by the duty to make a good faith effort to resolve the issue of entitlement prior to filing the motion on October 18, 2021. The pre-filing exchange of draft motion and objections thereto is more suited to resolving disputes as to amounts for particular time entries, rather than the underlying issue of entitlement. Therefore, PGA TOUR requests this additional relief of modifying the Local Rule 7.3 procedure, which is also clearly within the discretion of this Court. *See* Comments to Local Rule 7.3 ("[t]he authority of Judges to regulate the mechanics of fee applications is clear"); *Luken v. Int'l Yacht Council Ltd.*, No. 02–60772–CIV, 2009 WL 1706534, at *15 n. 12 (S.D. Fla. June 11, 2009) (noting that Magistrate Judge granted three extensions of time for a party to file its attorney's fees motion).

14. The relief requested in this Motion is reasonable and logical and furthers the governing interests discussed above. There are plentiful examples of Courts in this District properly granting this relief. *See, e.g., Victory Int'l (USA), LLC v. Perry Ellis Int'l, Inc.*, No. 08-20395-CIV, 2009 WL 1956236, at *3 (S.D. Fla. July 7, 2009) (adopting Magistrate Judge's Report and Recommendation bifurcating the issue of entitlement to attorneys' fees and costs from amount of award and establishing briefing schedule on the issue of entitlement with reasonable amount to be addressed at a later time); *Kernel Recs. Oy v. Mosley*, No. 09-21597-CIV, 2013 WL 3762452, at *1 (S.D. Fla. July 16, 2013) (stating that prior to the current filing the Court previously bifurcated the issues of attorneys' fees entitlement under Section 505 of the Copyright Act and reasonable

amount of fees and costs); *Rolls-Royce Com. Marine, Inc. v. New Hampshire Ins. Co./AIG Eur. (UK)*, No. 09-61329-CIV, 2011 WL 13173609, at *1 (S.D. Fla. May 5, 2011) (noting that the Court previously granted Motion to Bifurcate the Issue of Entitlement to Attorney's Fees and Costs from Amount of Award and directed the insurers to first file a motion addressing only whether they were entitled to fees).

WHEREFORE, for the reasons stated herein, PGA TOUR respectfully requests that this Court enter an order granting this Motion, bifurcating the issues of entitlement and amount in connection with the Motion for Attorneys' Fees, dispensing with the Local Rule 7.3 requirement that the parties exchange formal drafts and written objections prior to briefing said motion, and granting such further relief as this Court deems just and proper.

## **LOCAL RULE 7.1(A) CERTIFICATE**

Pursuant to Local Rule 7.1(a), PGA TOUR certifies that the undersigned counsel conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the relief requested in this Motion.

4841-1834-9561.1

Dated: September 2, 2021

Respectfully submitted,

**FOLEY & LARDNER LLP**

By:   /s/ *Michael Gay*

**Michael Gay**
Florida Bar No. 0938191
mgay@foley.com
301 East Pine Street, Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-7656
Facsimile: (407) 648-1743

**Kelly S. Milliron**
Florida Bar No. 1018917
kmilliron@foley.com
1 Independent Drive, Suite 1300
Jacksonville, Florida 32202
Telephone: (904) 359-2000
Facsimile: (904) 359-8700

*Counsel for Defendant, PGA TOUR, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF E-Filing portal, which will send a notice of electronic filing on all counsel of record via the e-mail addresses listed on the attached Service List.

/s/ *Michael Gay*
Michael Gay

SERVICE LIST

Hank Haney and Hank Haney Media, LLC v. PGA TOUR, Inc.
Case No. 0:19-cv-63108-rar

**Attorneys for Plaintiffs:**

**Riley W. Cirulnick**
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3rd Avenue
Suite 1800
Fort Lauderdale, FL 33301
954-462-8000
Fax: 954-462-4300
rcirulnick@rprslaw.com

**Peter R. Ginsberg**
Michelman & Robinson, LLP
800 Third Avenue, 24th Floor
New York, NY 10022
(212) 730-7700
pginsberg@mrllp.com

**Arthur Halsey Rice**
Rice Pugatch Robinson & Schiller, P.A.
101 NE 3 Avenue
Suite 1800
Fort Lauderdale, FL 33301
305-379-3121
Fax: 305-379-4119
arice.ecf@rprslaw.com
arice@rprslaw.com

1